COBB, Judge.
This appeal raises the issues of whether each refusal to bargain is a separate unfair labor practice or a single continuing unfair labor practice, and whether a public employer can refuse to bargain with a Public Employees Relations Commission (PERC) certified union based on a reasonable doubt that the union has majority status.
On August 27, 1975, the Laborers’ International Union of North America, Local No. 517 (Union) received certification from PERC to represent a union of blue collar employees of Winter Park. The Union and the City of Winter Park (City) attempted to reach agreement on a contract to cover the fiscal years 1976-1977 and 1977-1978. The parties were unable to agree upon several items, including the duration of the agreement. An impasse was declared and ultimately resolved by the City’s legislative body. The finalized contract was ratified by the city commission on December 3, 1976. However, the Union refused to ratify the agreement.
In June of 1977, the Union asked the City to begin bargaining for the 1977-1978 fiscal year on the contention that since the Union had not ratified the contract, it was only binding for one year. The City refused to bargain because it disagreed with the Union that the contract was good for only one year. The Union filed an unfair labor practice charge against the City and PERC found the City guilty of unfairly refusing to bargain. The City appealed and this court reversed upon a finding that a legislative body acting in an impasse situation could statutorily set a contract duration at up to three years. City of Winter Park v. Florida Public Employees Relations Commission, 383 So.2d 653 (Fla. 5th DCA 1980).
In July of 1979, the Union requested that the City begin bargaining with regard to the 1979-1980 fiscal year. The City refused to bargain on the ground that the City did not believe that the Union any longer represented a majority of the employees in the bargaining unit. The Union did not take any action on the City’s refusal.
In June of 1980, the Union requested that the City begin bargaining on the contract for the 1980-1981 fiscal year. The City responded by again refusing to bargain on the ground that the City believed that the Union no longer represented a majority of the employees in the bargaining unit. This time, the Union filed an unfair labor practice charge with PERC. In its answer to *47 the charge, the City acknowledged that it had refused to bargain with the Union, but set forth as affirmative defenses that the City in good faith had a reasonable doubt as to whether the Union represented a majority of the employees in the bargaining unit and also that the Union was barred from raising this charge by a statute of limitations, since the Union had not filed any unfair labor practice charges in regard to the City’s 1979 refusal to bargain. The City also moved for an order allowing it to take depositions and to request production of documents that related to its affirmative defenses as to whether the Union represented a majority of the employees in the bargaining unit. PERC struck the affirmative defenses and the request for an order of discovery.
After the administrative hearing and the entry of the hearing officer’s recommended order, PERC found that the unfair labor practice charge was not barred by the statute of limitations, that the City had committed an unfair labor practice by refusing to bargain with the Union, and awarded the Union attorneys’ fees and costs.
In this appeal, the City first argues that if it committed any unfair labor practice in refusing to bargain because it believed that the Union did not represent a majority of the employees in the bargaining unit, that offense first occurred in July of 1979 and, therefore, the Union should be barred by section 447.503(6)(b), Florida Statutes (1979), from charging the City with unfairly refusing to bargain in June of 1980. On the other hand, the Union argues that this court should adopt PERC’s view that each refusal to bargain is a separate unfair labor practice. Northwest Florida Police Benevolent Ass’n. v. Panama City, 4 F.P.E.R. 4177 (1978).
The six-month statute of limitation contained in the Public Employees Relations Act (PERA) is based on the statute of limitation contained in the National Labor Relations Act (NLRA). 29 U.S.C. § 160. The NLRA’s limitation has been interpreted as not barring an action where the subsequent occurrences constitute an unfair labor practice in and of themselves, while the limitation does bar an action where the subsequent occurrences can only be deemed an unfair labor practice through reliance upon occurrences that happened prior to the six-month limitation. Local Lodge No. 1424 v. NLRB, 362 U.S. 411, 80 S.Ct. 822, 4 L.Ed.2d 823 (1960). With regard to whether each refusal to bargain represents an independent unfair labor practice or whether the series of refusals to bargain represent one unfair labor practice that begins with the first refusal, the federal circuits are split. See cases collected in NLRB v. Preston H. Haskell Co., 616 F.2d 136, 140, 141 (5th Cir. 1980).
This court adopts PERC’s interpretation of PERA that each refusal to bargain is an independent unfair labor practice and, therefore, the statute of limitation did not bar the charge brought in this case.
Second, the City argues that Florida should follow the private sector rule that absent unusual circumstances there is a presumption that a recognized union represents a majority of the employees for one year after recognition. However, after that time, an employer may refuse to bargain with a union if it in good faith believes that the union no longer represents a majority of the employees in the bargaining unit. Telautograph Corp., 199 N.L.R.B. 892, 81 L.R.R.M. 1337 (1972); Celanese Corp. of America, 95 N.L.R.B. 83, 28 L.R.R.M. 1362 (1952). On the other hand, the Union argues that the procedures for recognition of a union and for taking away that recognition are different in PERA than they are in the NLRA and, therefore, the private sector rule should not be adopted.
In PERA, it is PERC’s act of certification of the union that begins the duty to bargain, while under the NLRA it is the employer’s recognition of the union or the outcome of an election that starts the duty to bargain. In addition, PERA does not provide a procedure for an employer to initiate an election, while under the NLRA an employer may seek a representation election. Due to these differences, PERC *48 refused to adopt the private sector rule that allows an employer to refuse to bargain if it in good faith believes the union no longer represents a majority of the unit employees. E.g., In re City of Daytona Beach, 4 F.P.E.R. 4082 (1978). PERC’s decision on this issue has been upheld by Florida’s First District Court of Appeal in the case of City of Ocala v. Marion County Police Benevolent Ass’n., 392 So.2d 26 (Fla. 1st DCA 1980). We concur.
This court has reviewed the other issues raised by the City in this appeal and finds them to be without merit.
AFFIRMED.
FRANK D. UPCHURCH, Jr., and SHARP, JJ., concur.